FREY & SON, Inc., v. WELCH GRAPE JUICE CO.

(Circuit Court of Appeals, Fourth Circuit. Feb. 26, 1917.)

No. 1483.

1. MONOPOLIES ⬤⇒28—ACTION FOR DAMAGES—EVIDENCE—ADMISSIBILITY.

In an action by a wholesaler against a manufacturer, who had refused to sell his product to plaintiff at less than the price charged retailers, because plaintiff had been selling the product at less than the price fixed by the manufacturer, where the declaration contained two counts, one for unlawful combination to control the price of the product, and the

other for unlawful discrimination against plaintiff, it was error to admit evidence offered by defendant that the profit to dealers on the product at the list price was the average profit on other groceries, that defendant was not in any combination with manufacturers of other brands of the product to control the price, and that by the custom of the trade the price at which the jobber was expected to sell was fixed by the manufacturer, all of which was irrelevant and incompetent under the issues.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18.]

2. APPEAL AND ERROR ☞1050(2)—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.

In view of the novelty and difficulty of questions presented in an action for unlawful combination and discrimination, the admission of such evidence, in connection with remarks by the trial judge as to the importance of the issues involved, was prejudicial to plaintiff, as obscuring the real issues in the case, though the court correctly charged the jury as to the issues, and told them to disregard the economic questions made by the objectionable testimony; the rule that such a charge will make the error harmless being subject to exception, where the testimony has made such a strong impression on the jury that its withdrawal will not remove the effect caused by its admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154.]

3. MONOPOLIES ☞28—DAMAGES—MEASURE—LOSS OF PROFITS.

The measure of a jobber's damages for unlawful discrimination against him by a manufacturer whose product the jobber had been selling for several years, the sales increasing each year, is not limited to profits lost on sales which he proved he could have made; but the jury could have inferred, from the average increase of sales, the probable increase during the time of the discrimination, and could allow for the loss of profits on such sales.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18.]

4. MONOPOLIES ☞28—DAMAGES—LOSS OF OTHER SALES.

A jobber, to whom a manufacturer of a well-known product refused to sell his product at less than the regular price charged to retailers cannot recover as damages the loss of profits on sales of other articles to customers desiring that product, who dealt with competing jobbers in order to get all their goods at the same place, since such damages are too remote and uncertain, and could have been prevented by the jobber buying the product at the retailers' price and reselling it without profit.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18.]

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action by Frey & Son, Incorporated, against the Welch Grape Juice Company. Judgment for defendant, and plaintiff brings error. Reversed.

Horace T. Smith, of Baltimore, Md., and Daniel W. Baker, of Washington, D. C., for plaintiff in error.

Charles P. Spooner, of New York City (John Hinkley and Thomas Foley Hisky, both of Baltimore, Md., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. This action is for damages under the federal statutes forbidding combinations and discriminations in restraint

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of trade. The verdict was for the defendant, and the plaintiff asks a new trial for errors assigned in the admission of testimony and in the charge on the subject of damages.

There was evidence tending to support these allegations of the declaration: The defendant, a manufacturer and seller in Baltimore of an established article of commerce known as "Welch's Grape Juice," had an understanding or agreement with the jobbers to whom it sold that they should sell at not less than a fixed price to retailers. The plaintiff, a wholesale grocer in Baltimore, with a considerable trade in defendant's goods, being contented to take a smaller profit than others, began to sell at a lower price than that the defendant required its customers to charge. For this violation of its requirements the defendant refused to sell to the plaintiff, except at the list price which it required jobbers to charge retailers. This discrimination resulted in the entire loss of the profits which the plaintiff would have made in the regular course of its sales of Welch's grape juice and loss of trade in other commodities, since customers who desired Welch's grape juice and could not purchase it from the plaintiff transferred their general accounts to other jobbers, who could supply the grape juice.

The declaration was divided into two counts—the damages declared in the first count being for the alleged unlawful combination to control the price; and in the other for the alleged unlawful discrimination in price against the plaintiff. The defendant denied both the unlawful combination and the unlawful discrimination.

In the effort to avoid any appearance of an expression of an opinion on the merits, we have made only such statement of the case as seems necessary to an understanding of the point here involved. The law applicable to the issues of violation of the federal statutes was not in serious dispute.

Evidence was admitted over the objection of the plaintiff: (1) That the profit to dealers on Welch's grape juice at the listed price prescribed by the defendant was the average profit on other groceries; (2) that the defendant was not in any combination with manufacturers of other kinds of grape juice to control the price; (3) that by the custom of trade the price at which the jobber is expected to sell is fixed by the manufacturer.

[1] All of this evidence was irrelevant and incompetent. The issues made by the pleadings were whether there was an unlawful combination to control the price of grape juice, or unlawful discrimination against the plaintiff in charging him a greater price than other jobbers. If there was such a combination to require all dealers to sell at the price fixed by the manufacturer upon the penalty of not being allowed to sell on an equality with other traders, and the plaintiff was the victim of it, it was no defense to show that the plaintiff was required to charge only an average profit, or that it was the custom of trade for manufacturers to violate the law. Dr. Miles Medical Company v. Park & Sons, 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 502. Nor would it avail the defendant, against the charges made by the plaintiff, to show that it had not violated the law by making a combination with manufacturers of other brands of grape juice.

[2] We cannot help thinking that all this testimony tended strongly to divert the minds of the jury from the real issue. The statutes against trusts, combinations, and discriminations in trade brought such new and unfamiliar prohibitions into the laws of trade that they have been only partially assimilated after a great effort by experienced and learned judges. The admission of the testimony referred to, taken in connection with the remarks of the presiding judge, in admitting some of it, as to the importance of the issues to be decided by the jury, must have been prejudicial to the plaintiff in obscuring the real and comparatively simple issues involved in the trial. It is true the charge in clear language stated the real issues and instructed the jury to disregard the economic questions that were made by the objectionable testimony. The general rule is that such a charge will be held to make harmless the error of admitting incompetent testimony, but the rule is not unbending.

"But yet there may be instances where such a strong impression has been made upon the minds of the jury by illegal and improper testimony that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objection may avail on appeal or writ of error." Throckmorton v. Holt, 180 U. S. 552, 21 Sup. Ct. 474, 45 L. Ed. 663.

This was a case for the application of the exception stated.

[3] In his charge, and in interruption of counsel for plaintiff in the course of his argument, the District Judge limited the measure of damages to the profit that plaintiff would have made on two particular orders proved to have been given to the plaintiff which it was unable to fill, and to the profit the plaintiff would have made but for the alleged discrimination on 200 cases which it bought from another dealer at a higher price than that charged other dealers by the defendant. This, we think, was error. The damages recoverable were those which arose from the unlawful interruption of the plaintiff's business in selling Welch's grape juice. This damage could not as a matter of law be confined to the loss of profit on specific sales which the plaintiff might be able to prove; for in such case, when a merchant's business is broken into, it would ordinarily be impossible for him to know and prove all specific sales he had lost. The plaintiff testified that in the year 1911, before the alleged discrimination began, it sold 190 cases of Welch's grape juice, and it also proved the average increase of its general business for the succeeding years. This average increase of general business was evidence from which the jury could have inferred the probable increase of the sale of this brand of grape juice, had the plaintiff been able to purchase it on the same terms as other jobbers. This evidence, together with that offered by the plaintiff of the per cent. of profit made by it on sales of the grape juice, should have been submitted to the jury as data from which in connection with any other relevant facts they could arrive at the damage which the alleged combination and discrimination caused the plaintiff. 1 Sedgwick on Damage (9th Ed.) § 182, and cases cited.

[4] We agree with the District Judge that the damages arising from the incidental loss of general business in other commodities were too

remote and uncertain. Indeed, that loss, if any, the plaintiff might have prevented altogether by purchasing and selling the grape juice without profit.

Reversed.